IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02579-RM-STV

MAKEEN INVESTMENT GROUP, LLC,
as trustee for THE MAKEEN FAMILY CHILDRENS TRUST,
and AKEEM MAKEEN,

    Plaintiffs,

v.

MICHAEL JAMES VALLEJOS,
JENNIFER TORRINGTON,
MAX A. MINNIG, JR.,
GEORGE E. HAILEY,
MAX MINNIG, JR. & ASSOCIATES, LLC, and
STATE OF COLORADO

    Defendants.

_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

    This matter is before the Court on Defendants Judge Michael James Vallejos and Judge Jennifer Torrington's ("State Judges") Motion to Stay Discovery and to Vacate the Scheduling Conference [#33] (the "Motion to Stay"), which has been referred to this Court [#40]. Plaintiff Akeem Makeen opposes the Motion to Stay. [#46] Makeen also has filed a "Motion for Leave to Conduct Limited Jurisdictional and Exceptions Discovery Before Responding to Defendants' Motion to Dismiss" [#41] (the "Motion for Discovery"), and a related Motion seeking an evidentiary hearing on exceptions to the *Younger* abstention doctrine [#49] ("Motion for Evidentiary Hearing"), which have also been referred to this Court [## 42, 52]. Plaintiff Makeen Investment Group, LLC

("MIG"), trustee for the Makeen Family Children[']s Trust ("MFCT") has not participated in any of these Motions. This Court has carefully considered the Motions and related briefing, the entire case file and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the instant Motions. For the following reasons, the Motion to Stay [#33] is **GRANTED** and the Motion for Discovery [#41] and the Motion for Evidentiary Hearing [#49] are **DENIED as moot.**

I.  **Background**

Plaintiffs originally brought this action on November 17, 2017 [#1], and filed a Second Amended Complaint on December 13, 2017 [#24]. Plaintiffs allege breach of contract, promissory estoppel, civil rights claims arising under various statutes, including 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), violations of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, and related state law claims. [*Id.* at 1-2] Plaintiffs name Defendants the State of Colorado, Judge Michael Vallejos, Judge Jennifer Torrington, Max Minnig, Jr. & Associates, LLC, Max A. Minnig, Jr. and George E. Hailey. [*Id.* at 1]

While the allegations in Plaintiffs' Second Amended Complaint are not particularly clear, this case appears to relate to a state court proceeding, *Makeen Inv. Grp. v. Hailey*, 2015CV253 (Colo. Dist. Ct. 2015).[1] [*See* #24 at 2-3; *see also* #26 at 1-2] In that case, the Denver County District Court ordered the sale of a property ("the Tulare Property") that was the subject of a series of real estate disputes between Makeen and his father, George Hailey. *Makeen*, 2015CV253, Order for Clerk of Court to Sign Listing

---

[1] This Court may take judicial notice of "another court's publicly filed records 'concerning matters that bear directly upon the disposition of the case at hand.'" *Hodgson v. Farmington City*, 675 F. App'x 838, 841 (10th Cir. 2017) (quoting *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)).

2

Agreement Pursuant to C.R.C.P. 70 (Colo. Dist. Ct. Nov. 3, 2017); *see also Makeen v. Hailey*, 381 P.3d 337, 347 (Colo. App. 2015), *cert. denied*, 2016 WL 4800064 (Colo. Sept. 12, 2016).

Plaintiffs allege that they were discriminated against, on the basis of race and disability, with respect to the sale and partition of the Tulare property. [#24 at 2] The State Judges presided over the state court proceeding. [*Id.* at 2-4; *see also* #26 at 1-2] According to the Second Amended Complaint, Makeen was hospitalized and medicated for seizures during trial in state court,. [#24 at 3] Makeen requested a continuance, and the attorney for MFCT informed the court that Makeen was not competent to proceed. [*Id.*] Makeen also informed the court that his ADA note taker was not present because of an illness. [*Id.*] The court denied the request for a continuance and the trial proceeded. [*Id.*] Plaintiffs allege that the trial court ordered Makeen to sign a contract of sale for the Tulare property, and that Defendant Minnig has been threatening Makeen with jail time and removal from the property if he does not sign the sales contract. [*Id.*]

The State Judge Defendants filed a Motion to Dismiss on December 27, 2017, arguing that: Plaintiffs' claims are barred by the *Rooker-Feldman* or *Younger* abstention doctrines; the claims against the State Judges in their official capacities are barred by the Eleventh Amendment; all of plaintiff's claims are barred by the doctrine of absolute judicial immunity; and plaintiff's individual capacity claims against the State Judges are barred by qualified immunity. [#26] Defendants George E. Hailey, Max Minnig, Jr. & Associates, LLC, and Max Minnig ("the Hailey Defendants") filed a Motion to Dismiss on January 12, 2018, on the grounds that Plaintiffs' Second Amended Complaint fails to satisfy relevant pleading standards, and the Court should refuse to invoke supplemental

jurisdiction over Plaintiffs' state law claims. [#47] United States District Court Judge Raymond P. Moore denied the Hailey Defendants' Motion to Dismiss for failure to confer before filing a motion to dismiss, in violation of his Civil Practice Standards [#51], and the Hailey Defendants filed a Renewed Motion to Dismiss on January 17, 2018 [#57], which has been referred to this Court [#59]. Defendant State of Colorado also filed a Motion to Dismiss [#73], which Judge Moore denied without prejudice for failure to comply with his Civil Practice Standards requiring parties to confer before filing a motion to dismiss [#76].

The State Judges filed the instant Motion to Stay on January 4, 2018, arguing that discovery proceedings should be stayed pending the Court's resolution of its subject matter jurisdiction, including determining whether the Judges are entitled to absolute judicial immunity, sovereign immunity, and/or qualified immunity, and whether the litigation is barred by *Rooker-Feldman* or the *Younger* abstention doctrines. [#33] The State Judges argue that allowing "discovery to proceed would impose on the Judges the burdens of pretrial litigation, which would distract from their performance of their official duties." [*Id.* at 4]

Makeen opposes the Motion to Stay [#46], and the State Judges have filed a reply [#61]. Consistent with Makeen's opposition to the Motion to Stay, Makeen seeks to conduct limited discovery in order to determine whether exceptions to the *Younger* abstention doctrine exist [#41], and also requests an evidentiary hearing on that issue [#49]. The State Judges have filed responses in opposition to the Motion for Discovery [#65] and the Motion for Evidentiary Hearing [#74].

## II. Analysis

A stay of discovery is an appropriate exercise of this Court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). When considering whether to grant a stay, the Court weighs the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Considering these factors, the Court concludes that a stay is warranted pending resolution of the State Judges' Motion to Dismiss.

First, although Makeen has an interest in proceeding expeditiously, he has failed to identify any specific prejudice that a delay would cause. Although Makeen discusses the merits of the State Judges' immunity defenses and their claims of *Younger* abstention, as well as the merits of his own disability accommodation claims, he does not address the burden of a delay in this case. [#46 at 2-13] Instead, Makeen simply states that "[n]ot to allow this matter to be fully heard would go against this circuit[']s holding and justice," and notes "the strong preference for resolving claims on their merits." [*Id.* at 13-14] But a stay will not prevent Makeen's claims from being decided on the merits. Nor is the Court aware of any prejudice that may result, especially in light of the fact that Makeen's related state court case was ongoing as recently as December 8, 2017, when Makeen's motion to vacate the court's judgment ordering the sale of the Tulare Property was denied. See *Makeen*, 2015CV253, Order Denying Counter Claim

5

Defendant Makeen's Motion to Vacate Judgment (Colo. Dist. Ct. Dec. 8, 2017). Because Plaintiff has failed to provide any "specific examples of how [his] ability to conduct discovery might be adversely affected by a stay," the Court finds that Plaintiff's general interest in proceeding expeditiously does not overcome other factors discussed below that weigh in favor of a stay. *Stone v. Vail Resorts Dev. Co.*, Civil Action No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *1 (D. Colo. Jan. 7, 2010).

Second, the Court finds that proceeding with discovery would impose a burden upon Defendants. A ruling in favor of the State Judges on their Motion to Dismiss would at least be dispositive as to these Defendants.[2] Thus, staying discovery may relieve the burdens of discovery for Defendants. This fact is particularly important in this case, where the State Judges have asserted various immunity defenses. "Immunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns of litigation, including avoidance of disruptive discovery. *Russell v. Town of Buena Vista, Colo.*, No. 10-CV-00862-JLK-KMT, 2010 WL 3341227, at *1 (D. Colo. Aug. 24, 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009)). The Supreme Court in *Iqbal* explained the important rationale behind this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.

---

[2] The State Judges' Motion to Dismiss [#26] has been referred to this Court [#27]. The instant Order has no bearing on the merits of the Motion to Dismiss.

6

556 U.S. at 685. Moreover, although the Hailey Defendants have not asserted any immunity defenses [*see generally* #57], as the Supreme Court has explained:

> It is no answer to these concerns [of avoiding disruptive discovery] to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Iqbal*, 556 U.S. at 685-86. Accordingly, proceeding with discovery with respect to claims that may not be subject to immunity defenses "is not a permissible alternative," *Sexton v. Hickenlooper*, No. 13-CV-01008-MKS-KMT, 2013 WL 5477605, at *3 (D. Colo. Oct. 1, 2013), and the second factor supports granting the Motion to Stay.

Third, the Court considers its own convenience. This District has recognized that "an ill-advised stay" may inconvenience the Court because "the resulting delay makes the Court's docket less predictable and, hence, less manageable." *Stone*, 2010 WL 148278, at *3. But "[w]here a pending motion may dispose of an action . . . a stay of proceedings may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed." *Id.* Here, if successful, the Motion to Dismiss would at least dispose of any claims against the State Judges. Given that this case is in its very early stages, the Court finds that the interests of judicial economy weigh in favor of granting the stay.

The fourth and fifth factors are either neutral or support staying this action. Neither party has identified any nonparty whose interests would be impacted by the requested stay. Moreover, while the public has an interest in the speedy resolution of

legal disputes, *see*, *e.g.*, *Waisanen v. Terracon Consultants, Inc.*, Civil Action No. 09-cv-01104-MSK-KMT, 2009 WL 5184699, at *2 (D. Colo. Dec. 22, 2009), "there is also a strong public policy behind the qualified immunity doctrine. Among other things, this includes avoiding unnecessary expenditures of public and private resources on litigation." *Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *4 (D. Colo. July 30, 2015). As a result, the fifth factor supports granting the stay.

In opposition to the Motion to Stay, Makeen argues that the various immunity defenses raised by the State Judges do not apply. [#46 at 2-11] Makeen also argues that both the *Younger* and *Rooker-Feldman* doctrines do not apply. [*Id.* at 11-12] But these arguments go to the merits of the State Judges' Motion to Dismiss, rather than the factors that the Court considers in deciding a motion to stay. Makeen further states that he "bears the burden the burden of establishing the exceptions" to *Younger* abstention "and must be given the opportunity to establish that, which can only be done by conducting limited discovery." [*Id.* at 12] Makeen reiterates that argument in his Motion for Discovery and Motion for Evidentiary Hearing, in which he seeks the opportunity to conduct discovery related to the "bad faith" and "extraordinary circumstances" exceptions to *Younger* abstention. [## 41, 49]

The *Younger* abstention doctrine applies when there is an ongoing state court proceeding, the state court provides an adequate forum for determining the claims asserted in the federal action, and the proceedings involve important state interests "which traditionally look to state law for their resolution or implicate separately articulated state policies." *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006);

8

*see also Younger v. Harris*, 401 U.S. 37 (1971). A state court proceeding is "ongoing" until "a lower state court issues a judgment and the losing party allows the time for appeal to expire." *Bear v. Patton*, 451 F.3d 639, 642 (10th Cir. 2006) (quotation omitted).

As this Court has previously discussed, *Younger* abstention is inapplicable here because there is no longer an ongoing state court proceeding. [#69] Makeen did not appeal from the Denver County District Court's orders listing the Tulare Property for sale, and his time for filing an appeal has now expired. [*See generally* #69 at 3-4] The parties agree. [## 75, 77] The State Judges have stated that they will not continue to assert *Younger* abstention in their motion to dismiss [#75 at 2], and Makeen has acknowledged that an evidentiary hearing on the bad faith and extraordinary circumstances exceptions to the *Younger* doctrine are now moot [#77 at 1-2]. Accordingly, Makeen's Motion for Discovery [#41], seeking to conduct limited discovery on the possible exceptions to the *Younger* doctrine, and his Motion for an evidentiary hearing on those exceptions [#49], are **DENIED as moot.**

Considering the factors set forth above, the Court determines that a stay of discovery pending resolution of the Motion to Dismiss is warranted. Accordingly, the Motion to Stay [#33] is **GRANTED**. Plaintiffs shall respond to the pending Motions to Dismiss [## 26, 57] by February 26, 2018.

DATED: February 5, 2018          BY THE COURT:

                                                            s/Scott T. Varholak
                                                            United States Magistrate Judge