**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 17-cv-2759-RM-STV

MAKEEN INVESTMENT GROUP, LLC, as trustee for
THE MAKEEN FAMILY CHILDRENS TRUST; and
AKEEM MAKEEN,

    Plaintiffs,

v.

STATE OF COLORADO;
JUDGE MICHAEL JAMES VALLEJOS;
JUDGE JENNIFER TORRINGTON;
MAX A. MINNIG, JR. & ASSOCIATES, LLC;
MAX A. MINNIG, JR., individually and in his official
capacity as agent for GEORGE E. HAILEY; and
GEORGE E. HAILEY,

    Defendants.

---

## ORDER
---

This matter is before the Court on "Plaintiff Makeen's Affidavit and Motion for Temporary Restraining Order and Preliminary Injunction" ("Motion") (ECF No. 34), seeking injunctive relief against Defendants State of Colorado, Judge Michael James Vallejos, and Judge Jennifer Torrington (collectively, "State Defendants"). Plaintiff Akeem Makeen ("Makeen") seeks enforcement of the parties' alleged "contract and Colorado Supreme Court Directive 04-7 to provide a ADA accommodations of a note taker contract at each and every District Court appearance of Mr. Makeen." (Motion, pages 1-2.) State Defendants filed a Response (ECF No. 62), to which Plaintiff did not file any reply (*see* Docket). After considering the Motion and

Response, taking judicial notice of the court record, and reviewing the applicable rules and case law, and being otherwise fully advised, the Motion is DENIED.

**I.      BACKGROUND**

As relevant to the Motion, Makeen alleges that he is a protected person under the American with Disabilities Act ("ADA") and was a party in Civil Action 15CV253[1] filed in Denver District Court. (*See* Motion, ¶¶1-4, 7, 9; Amended Complaint, pp. 2, 30.)[2] On January 4, 2016, State Defendants and Makeen allegedly entered into a contract whereby the State would provide Makeen with a note taker for each and every one of his court appearances. The State Defendants allegedly lived up to their contract until November 8, 2016. There, on the second day of a two-day trial,[3] allegedly held before Judge Vallejos in Civil Action 15CV253, State Defendants allegedly failed to provide a note taker and refused to continue the trial. Based on these, and other, allegations, Makeen filed this action alleging many claims for relief, including the Second Claim for Breach of Contract directed against the State and Judge Vallejos. (AC, ¶¶93-103.) Thereafter, Makeen's Motion seeking injunctive relief followed.

**II.     LEGAL STANDARD**

*A.  Injunctive Relief*

Makeen requests a temporary restraining order and preliminary injunctive relief. Notice has been provided to State Defendants and they have responded to the Motion. Under either form of injunctive relief, Makeen bears the burden of showing such relief may be had. Specifically, in order to obtain relief, the plaintiff must establish: "'(1) a substantial likelihood of

---

[1] There are a few allegations which are not included in Makeen's Affidavit, but were gleaned from the Amended Complaint ("AC") which was not verified. Such allegations are included in order to fill in some minor gaps, such as the state court case number, in order to provide a fuller background and which are not subject to dispute.
[2] A third amended complaint was filed after the Motion, but the second claim is the same in all material respects. And, no party has taken the position that Makeen's Motion is moot in light of the amendment.
[3] The trial was allegedly held on November 7-8, 2016. The Court recognizes there are a few erroneous references to November 7 or 8, *2017* in the Amended Complaint (AC, ¶¶45, 61).

prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest.'" *Diné Citizens Against Ruining our Environment v. Jewell,* 839 F.3d 1276, 1281 (10th Cir. 2016) (quoting *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002)); *Watts v. Karmichael Family, LLC*, No. 07-cv-00638-MSK-MJW, 2007 WL 1059051, at *1 (D. Colo. Apr. 4, 2007) (unpublished) (motion for temporary restraining order is examined under same standards applicable to requests for preliminary injunction). "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Diné Citizens*, 839 F.3d at 1281 (citation and quotation marks omitted).

The Tenth Circuit no longer applies a "modified test"[4] for determining temporary or preliminary injunctive relief, finding it inconsistent with the Supreme Court's decision in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). *Diné Citizens*, 839 F.3d at 1282 (deciding preliminary injunction). Nonetheless, under limited circumstances, a court may presume irreparable harm. *First West. Capital Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017). Such circumstances exist "when a statute mandates injunctive relief as a remedy for a violation—or impending violation—of the statute, [as] it has effectively constrained the courts' traditional discretion to determine whether such relief is warranted." *Malamed*, 874 F.3d at 1141. In that case, courts presume irreparable harm. *Id.* "But when a

---

[4] Under the "modified test," (or "relaxed standard") when the other three requirements for preliminary injunctive relief tip strongly in the movant's favor, the test is modified so that the movant may meet the likelihood of success on the merits requirement "'by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation.'" *Diné Citizens*, 839 F.3d at 1282 (quoting *Davis*, 302 F.3d at 1111). "Under *Winter's* rationale, any modified test which relaxes one of the prongs for preliminary relief and thus deviates from the standard test is impermissible." *Id.* Thus, the parties' citations to a more lenient or relax standard are rejected. (Motion, page 6 at ¶13; Response, pages 3-4.)

3

statute merely authorizes—rather than mandates—injunctive relief, courts must determine that the moving party has established all four elements to grant injunctive relief." *Id.*

### B. Pro Se Party

Makeen proceeds *pro se*[5]; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court, however, cannot act as advocate for Makeen, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. ANALYSIS

Makeen has brought many claims in this case, but his Motion is based on one claim, that of breach of contract.[6] (Motion, *e.g.*, page 9 (In arguing likelihood of success on the merits, Makeen argues that he "has put forward very strong claims for breach of contract.").) As such, the Court will evaluate the Motion based on this claim, to which Defendants raise a number of arguments. The Court finds two arguments are fatal to Makeen's Motion,[7] which it addresses in turn below.

### A. Standing

Defendants' first argument is that Makeen lacks standing. "At its 'irreducible constitutional minimum,' standing has three elements." *Colo. Cross Disability Coalition v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1210 (10th Cir. 2014) (quoting *Lujan v. Defenders of*

---

[5] The Court questions Makeen's *pro se* status when, for example, the Amended Complaint was filed as a joint pleading with counsel for co-defendant Makeen Investment Group, LLC. Nonetheless, the Court will consider Makeen's filings based on the standard applicable to *pro se* parties.

[6] For this reason alone, Makeen's Motion as against Defendant Judge Torrington should be denied, as this claim is not directed against her.

[7] The Court rejects Defendants' *Rooker-Feldman* and *Younger* abstention arguments. *Rooker-Feldman* does not apply because this action was filed November 17, 2017 (ECF No. 1), but Defendants have not shown that Civil Action 15CV253 was final by that date. *Guttman v. Khalsa*, 446 F.3d 1027, 1031-2 (10th Cir. 2006) (where state proceedings had not ended when plaintiff filed federal court claim, *Rooker-Feldman* doctrine did not apply). On the contrary, it appears that action was not final. (ECF No. 69, pages 3-4.) And, Defendants have apparently subsequently abandoned any contention that *Younger* applies. (ECF No. 75.)

*Wildlife*, 504 U.S. 555, 560 (1992)). The three elements are (1) "injury in fact" that is actual or imminent; (2) such injury must be fairly traceable to the defendant's challenged action; and (3) the injury will likely be addressed by the relief requested. *Abercrombie & Fitch Co.*, 765 F.3d at 1210-11. "The 'injury in fact' requirement differs depending on whether the plaintiff seeks prospective or retrospective relief." *Abercrombie & Fitch Co.*, 765 F.3d at 1211 (quotation marks and citation omitted). "When prospective relief—such as an injunction—is sought, the plaintiff must be suffering a continuing injury or be under a real and immediate threat of being injured in the future." *Abercrombie & Fitch Co.*, 765 F.3d at 1211 (quotation marks and citation omitted). "Past wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury." *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004). Nonetheless, the claimed "threatened injury must be certainly impending and not merely speculative." *Tandy*, 380 F.3d at 1283 (quotation marks and citation omitted).

Defendants' argument here is that Makeen fails to show "injury in fact," an argument which Makeen did not refute. The Court agrees with Defendants. Here, as Defendants contend, Makeen alleges that he was provided a note taker at every hearing until November 8, 2016, when the note taker failed to appear because she was ill. (AC, ¶¶38, 94-98.) There are no allegations that Makeen has any other court proceedings in Civil Action 15CV253 (or any other state court case) in the future, or that he is otherwise under any real and immediate threat that a note taker will not be provided in the near future. And, the alleged single past wrong, the note taker's alleged failure to appear on one occasion because she was ill, fails to support any real and immediate future injury. Accordingly, Makeen's Motion is denied based on lack of standing.

### B. *No Irreparable Harm*

Defendants' second argument for denial of the Motion is the lack of irreparable harm. Defendants contend that, even if Makeen has standing, he must still establish the other four prerequisites for injunctive relief, including irreparable harm. Makeen's arguments of irreparable harm appear to be three-fold.

First, Makeen appears to argue that the allegation that he had no note taker at the November 8, 2016, court proceeding is sufficient. It is, however, not. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Schrier v. University of Colo.*, 427 F.3d 1253, 1267 (10th Cir. 2005) (quotation marks and citation omitted). "The party seeking injunctive relief must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Schrier*, 427 F.3d at 1267 (alteration, quotation marks, and citation omitted). As State Defendants argue, Makeen's request for relief is based on past harm, and his allegations do not reflect likely future harm, *i.e.*, any real and immediate future harm.

Next, Makeen appears to argue that, with ADA claims, the heightened standard for disfavored injunctive relief[8] does not apply. The Court, however, need not reach the issue of whether such a standard would or would not apply to an ADA claim because, first, Makeen's request for injunctive relief is based on his breach of contract claim, not his ADA claim (the Fifth Claim for relief); and, second, Makeen's Motion fails even under the "ordinary" standard.

Finally, Makeen appears to argue that no irreparable harm need be shown as such harm is presumed for ADA claims. This argument similarly fails because Makeen's Motion, again, is

---

[8] The disfavored preliminary injunctions are: "injunctions that alter the status quo; mandatory injunctions; and injunctions that afford the movant all of the relief it could recover at the conclusion of a full trial on the merits." *Hobby Lobby Stores, Inc. v. Sebelius*, No. 12-6294, 2012 WL 6930302, at *1 (10th Cir. Dec. 20, 2012) (footnotes omitted) (citing *Fundamentalist Church of Jesus Christ of Latter–Day Saints v. Horne*, 698 F.3d 1295, 1301 (10th Cir. 2012)).

based on his breach of contract claim, not his ADA claim.[9] Accordingly, Makeen fails to show the irreparable harm requirement has been met.

### C. The Other Prerequisites to Injunctive Relief

Without showing irreparable harm, Makeen cannot obtain injunctive relief. Therefore, the Court need not address the other three prerequisites for injunctive relief. *Malamed*, 874 F.3d at 1143.[10]

## IV. CONCLUSION

Based on the forgoing, it is

**ORDERED** that Plaintiff Makeen's Affidavit and Motion for Temporary Restraining Order and Preliminary Injunction" (ECF No. 34) is **DENIED**.

DATED this 12th day of March, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[9] Thus, the Court need not reach the issue of whether irreparable harm may be presumed under Makeen's ADA claim as it is not before the Court. Moreover, Makeen evidently argues such presumption applies because injunctive relief is "authorized" under the ADA. (Motion, ¶18.) That, however, is not the standard. Instead, as stated above, where the statute at issue merely *authorizes* but does not *mandate* injunctive relief, it does not allow a presumption of irreparable harm. *Malamed*, 374 F.3d at 1140-43.

[10] The Court's review of the record shows no hearing is required in order to resolve Makeen's Motion.