## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 17-cv-2759-RM-STV

MAKEEN INVESTMENT GROUP, LLC, as trustee for
THE MAKEEN FAMILY CHILDRENS TRUST, and
AKEEM MAKEEN,

    Plaintiffs,

v.

STATE OF COLORADO,
JUDGE MICHAEL JAMES VALLEJOS, in his official capacity,
JUDGE JENNIFER TORRINGTON, in her official capacity,
MAX MINNIG, JR. & ASSOCIATES, LLC, and
MAX A. MINNIG, JR, individually and in his official capacity as agent for GEORGE E. HAILEY,

    Defendants.

---

## ORDER
---

    This matter is before the Court on (1) the October 12, 2018, Recommendation of United States Magistrate Judge Scott T. Varholak (the "Recommendation") (ECF No. 138) to dismiss without prejudice Plaintiffs' claims based on the *Rooker-Feldman* doctrine[1] raised by the State Defendants[2] in their Motion to Dismiss (ECF No. 95)[3] and to deny as moot the remaining pending motions (ECF Nos. 93, 121); and (2) Plaintiff Makeen Investment Group, LLC's[4] ("MIG") Fourth Motion for Leave to Amend Complaint (the "Motion to Amend") (ECF No. 143). The

---

[1] Based on *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Colombia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).
[2] The State Defendants are the State of Colorado, Judge Michael Vallejos, and Judge Jennifer Torrington.
[3] The Magistrate Judge found the doctrine applied to bar all claims as to all Defendants.
[4] As Trustee of the Makeen Family Children's Trust.

Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). For the reasons stated herein, the Court adopts, in part, the Recommendation and denies the Motion to Amend.

### A. THE RECOMMENDATION

The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (ECF No. 138 at page 18.) Despite this advisement, no objections to the Recommendation have to date been filed by any party and the time to do so has expired. (*See generally* Dkt.) However, after the Recommendation was issued, Plaintiff Akeem Makeen voluntarily dismissed his case without prejudice (ECF Nos. 139-141). Accordingly, the Recommendation as to Mr. Makeen is moot.

The Recommendation as to Plaintiff MIG, however, is not. The Court concludes that Magistrate Judge Varholak's analysis as to MIG was thorough and sound, and that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."). The Recommendation as to MIG is, therefore, adopted as an order of this Court.

### B. THE MOTION TO AMEND

Despite MIG's failure to object to the recommended dismissal of this case, it seeks to salvage this case by requesting leave to amend the complaint – yet again. MIG contends leave should be granted because the *other* amendments were initiated by Mr. Makeen; this case has

drastically changed with the dismissal of Mr. Makeen; its amendment will survive a motion to dismiss and there is no scheduling order in this case; a fourth amended complaint will avoid piecemeal litigation of this action; and leave is warranted under Fed. R. Civ. P. 15(a). State Defendants' response in opposition argues undue delay and futility of the proposed amendment. MIG's reply counters that the Recommendation is erroneous as to MIG because it was not a party in the state court action; State Defendants will not be prejudiced; and its amendment is not futile as they seek only declaratory and injunctive relief, the recommendation erroneously held the *Rooker-Feldman* doctrine applies, and State Defendants have not alleged the amendment would not survive a motion to dismiss. The Court addresses these arguments below.

As an initial matter, MIG's Motion to Amend is conclusory and devoid of any legal or factual analysis; for this reason alone, the Motion to Amend is subject to denial. Even if the Court were to consider the remaining papers, MIG still fails to show leave to amend should be granted.

First, the Court finds undue delay. As State Defendants argue, their Motion to Dismiss was pending seven months before MIG sought leave to amend. Such undue delay is inexplicable. Moreover, MIG was afforded the opportunity to amend *before* State Defendants filed their Motion to Dismiss to correct the deficiencies raised in that motion, as, in accordance with this Court's Civil Practice Standards, Defendants attempted to confer with MIG's counsel prior to filing the motion.[5] Thus, MIG's request comes inordinately, and inexcusably, too late.

Next, if the Court were to grant leave to amend, it would be the fifth complaint filed in this case. MIG's assertion that *all* the other amendments were caused by Mr. Makeen is not well

---

[5] MIG's counsel – who, accordingly to the allegations in the complaint, also served as counsel in the state court proceedings – apparently did not respond to State Defendants' attempt to confer. State Defendants, however, did confer with Mr. Makeen specifically about *Rooker-Feldman* before filing the Motion to Dismiss.

taken. The Court's review of the other amended complaints, the motions seeking leave to amend, and the amendments themselves shows otherwise. (*See* ECF Nos. 1, 7, 17, 18, 23, 24, 66, 67, 83, 86.) In other words, MIG has been afforded repeated opportunities to cure any pleading deficiencies.[6]

Finally, MIG seeks to amend based on the argument that the Recommendation is allegedly "erroneous," an argument which the Court finds is in essence a belated attempt to object to the Recommendation. If the Recommendation is erroneous, as MIG argues, it could and should have objected. It did not. Failing to do so, MIG waived any right to object. *See Davis v. Clifford*, 825 F.3d 1131, 1137 n.3 (10th Cir. 2016) ("Under our firm-waiver rule, [a party's] failure to object 'waives appellate review of both factual and legal questions.'" (quoting *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010)).[7] If the Court were to grant leave to amend based on the argument asserted, the Court would, essentially, be conducting a de novo review of a recommendation to which no timely objection has been filed. The Court will not countenance such a procedural maneuver to avoid the requirements of a timely objection.[8]

---

[6] Another fact which supports the Court's finding of undue delay.
[7] Moreover, there is no argument, or showing, that MIG should be afforded "'relief from the rule in the interests of justice.'" *Davis*, 825 F.3d at 1137 n.3 (citation omitted).
[8] The Court also finds MIG's remaining arguments without merit. For example, State Defendants do argue the proposed amendment fails to state a claim. Further, State Defendants do not need to also show prejudice. *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991) ("While prejudice may be one ground justifying a denial of leave to amend, such a showing is not necessary. Indeed, untimeliness alone may be a sufficient basis for denial of leave to amend. Prejudice to the opposing party need not also be shown." (citations, quotation marks, and internal alterations omitted)). *See also Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1205–06 (10th Cir. 2006) (Stating that while some circuits require prejudice, bad faith, futility, or a substantial burden on the court to deny an amendment for undue delay, the Tenth Circuit "focuses primarily on the reasons for the delay.") Moreover, the Court finds the court, with its limited resources, has been unduly burdened by Plaintiffs' repeated amendments and undue delay caused thereby. *See Minter v. Prime Equip. Co.*, 452 F.3d 1196, 1205 (10th Cir. 2006).

## C. CONCLUSION

Based on the foregoing, the Court:

(1) ADOPTS the Recommendation of United States Magistrate (ECF No. 138) as to Plaintiff Makeen Investment Group, LLC's, as Trustee of the Makeen Family Children's Trust;

(2) REJECTS as moot the Recommendation of United States Magistrate (ECF No. 138) as to Plaintiff Akeem Makeen in light of his voluntary dismissal from this case;

(3) GRANTS the State Defendants' Motion to Dismiss (ECF No. 95) based on the *Rooker-Feldman* doctrine, and applies the same doctrine to grant dismissal as to all other Defendants, as against Plaintiff Makeen Investment Group, LLC's, as Trustee of the Makeen Family Children's Trust;

(4) DENIES as moot the State Defendants' Motion to Dismiss (ECF No. 95) as against Plaintiff Akeem Makeen;

(5) DENIES as moot Defendant Minnig's Motion to Dismiss (ECF No. 93) and Plaintiffs' Renewed Motion for Summary Judgment (ECF No. 121);

(6) DISMISSES without prejudice Plaintiffs' Complaint and this entire action;

(7) DENIES Plaintiff Makeen Investment Group, LLC's, as Trustee of the Makeen Family Children's Trust, Fourth Motion for Leave to Amend Complaint (ECF No. 143);

(8) DIRECTS the Clerk of the Court to enter judgment in favor of Defendants and against Plaintiff Makeen Investment Group, LLC's, as Trustee of the Makeen Family Children's Trust; and

(9) ORDERS that Defendants are awarded costs as against Plaintiff Makeen Investment Group, LLC's, as Trustee of the Makeen Family Children's Trust, and Defendants shall

within 14 days of the date of this Order file a bill of costs, in accordance with the procedures under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1, which shall be taxed by the Clerk of the Court.

DATED this 26th day of November, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge