# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 17-cv-2759-RM-STV

MAKEEN INVESTMENT GROUP, LLC, as trustee for
THE MAKEEN FAMILY CHILDRENS TRUST, and
AKEEM MAKEEN,

    Plaintiffs,

v.

STATE OF COLORADO;
JUDGE MICHAEL JAMES VALLEJOS;
JUDGE JENNIFER TORRINGTON;
MAX A. MINNIG, JR. & ASSOCIATES, LLC; and
MAX A. MINNIG, JR., individually and in his official
capacity as agent for GEORGE E. HAILEY,

    Defendants.

---

# ORDER

---

This matter is before the Court on Plaintiff Makeen Investment Group, LLC's ("MIG"), as Trustee of the Makeen Family Children's Trust, "Reconsideration of the Court's Order of November 26, 2018" (the "Motion") (ECF No. 150). Only State Defendants have filed a response in opposition. (ECF No. 151.) The matter is ripe for resolution.

## I.    NO RECONSIDERATION

"The Federal Rules of Civil Procedure recognize no motion for reconsideration." *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (citation and quotation marks omitted). Nonetheless, "the court retains the power to alter rulings until final judgment is entered on a cause." *Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir.

1980) (citing Fed. R. Civ. P. 54(b)). In this case, however, final judgment has entered; therefore, reconsideration may not be had. For this reason alone, MIG's Motion may be denied. Nonetheless, State Defendants' Response relies on Rule 59(e) to support rejection of the Motion. Thus, the Court considers the Motion accordingly.

## II. NO RELIEF UNDER RULE 59(e)

"'Grounds for granting a Rule 59(e) motion include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 611 (10th Cir. 2012) (quoting *Somerlott v. Cherokee Nation Distributors, Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012)). It is not a vehicle "to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Instead, such motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*; *see also Barber ex rel. Barber v. Colo. Dep't of Rev.*, 562 F.3d 1222, 1228 (10th Cir. 2009) (same). It "cannot be used to expand a judgment to encompass new issues which could have been raised prior to issuance of the judgment." *Sprint Nextel Corp. v. Middle Man, Inc.*, 822 F.3d 524, 536 (10th Cir. 2016) (quotation marks and citation omitted).

Here, MIG argues the *Rooker-Feldman*[1] doctrine does not apply because there is no final judgment in the state court case, attaching as Exhibit 1 an order of the Colorado Court of Appeals dated July 20, 2017 to establish the same. This argument fails for at least three reasons. First, MIG could have raised that argument before the Magistrate Judge; it did not. Instead, the

---

[1] Based on *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Colombia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

only argument MIG raised was a single sentence that "The *Rooker-Feldman* doctrine does not apply to MIG as they were not a party in the second trial, nor are they losers." (ECF No. 110, p. 5.) Second, MIG could have raised that argument in any objection to the Recommendation; it did not. Indeed, MIG failed to file any objection at all. Thus, the argument will not be considered now. Finally, even if the Court were persuaded to consider this argument and Exhibit 1, which it is not, Plaintiff's evidence that certain matters in the state court case was allegedly not final as of July 20, 2017, fails to establish that state court case was not final when the case now before the Court was filed on November 17, 2017. *See Guttman v. Khalsa*, 446 F.3d 1027, 1032 & n.2 (10th Cir. 2006) ("Under Exxon Mobil, *Rooker–Feldman* applies only to suits filed after state proceedings are final."). Accordingly, the Court rejects MIG's arguments and finds no basis for relief.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED** that Plaintiff Makeen Investment Group, LLC's, as Trustee of the Makeen Family Children's Trust, "Reconsideration of the Court's Order of November 26, 2018" (ECF No. 150) is DENIED.

DATED this 26th day of June, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge